AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Ohio

FILED
RICHARD W. NAGEL
CLERK OF COURT
5/4/21

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
WEST. DIV. DAYTON

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. 3:21MJ169 |
| ANGELO AVERY | ) | |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 2, 2021__ in the county of __Montgomery__ in the __Southern__ District of __Ohio__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C §§ 922(g)(1) & 924(a)(2) | Felon in Possession of a Firearm |

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

*Complainant's signature*

Mollie M. Hamby, Task Force Officer, FBI
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__FaceTime__ *(specify reliable electronic means)*

Date: __05/04/2021__

City and state: __Dayton, Ohio__

*Judge's signature*

United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT

I, Mollie M. Hamby, a Task Force Officer ("TFO") for both the Federal Bureau of Investigation ("FBI") and City of Dayton Police Department ("DPD"), being duly sworn, depose as follows:

### INTRODUCTION

1. I have been employed as a law enforcement officer for the past seventeen (17) years. I currently serve as a detective with the DPD. I am also presently a TFO with the FBI's Dayton Resident Office Safe Streets Task Force (SSTF). As such, I have been sworn under Title 21, United States Code ("U.S.C."), Section 878 to serve as an officer of the United States duly empowered to conduct federal criminal investigations and make arrests for criminal offenses committed under Titles 18 and 21 of the U.S.C.

2. I am also a TFO with the DPD's Narcotics Bureau, Major Case and Drug Enforcement Unit. Since 2011, I have almost exclusively concentrated on the investigation of narcotics-, firearms-, and gang-related criminal cases. During my law enforcement career, I have been involved in a large number of firearms-related arrests, executions of search warrants that resulted in the seizure of narcotics and firearms, participated in undercover narcotics purchases, and supervised the activities of police informants who have provided law enforcement authorities information and assistance that ultimately resulted in narcotics purchases and apprehensions. During the course of my law enforcement career, I have received an extensive amount of formal and informal training in the investigation of drug trafficking and firearms-related crimes.

3. This affidavit is made in support of a criminal complaint against **Angelo Taurean William Avery ("Avery")** for a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that being "Possession of a firearm after having been previously convicted of a felony offense." The facts contained in this affidavit are submitted for the purpose of establishing probable cause, and do not include every fact I know about the investigation.

4. This affidavit includes information I have learned from other law enforcement, including through a review of reports. Any documents, records, or conversations described in this affidavit may have been summarized or paraphrased and have not necessarily set forth in full or verbatim.

### FACTS

5. On or about May 2, 2021, at about 0736 hours, Dayton Police Officers were dispatched to US 35 westbound at Abbey Avenue in Dayton (which is within the Southern District of Ohio) about a report of an injury accident. Sergeant Tom Cope was the first to arrive on scene. He observed that a gold Buick had struck a blue Toyota Camry. The occupant of the Toyota was still trapped inside the vehicle.

6. Sergeant Cope made contact with an off-duty Dayton firefighter who had stopped to assist at the accident. The firefighter stated that the driver of the Buick, who was walking around the scene, had been walking around offering people money and drugs to not call the police.

7. Due to the firefighter's statement, Sergeant Cope escorted the driver of the Buick, who was later found to be **AVERY**, to his cruiser and conducted a pat-down. During the pat-down, a baggie of marijuana was recovered from **AVERY'S** front hoodie pocket. **AVERY** was placed into the cruiser.

8. Officer Zachariah Hastings arrived to the scene and spoke to the firefighter who told Officer Hastings that he observed the individual who turned out to be **AVERY** exit his vehicle after the crash with a pistol and throw it over the barricade on the north side of the highway. The firefighter walked Officer Hastings to a location near the wall that drops off to the road down below and pointed out where the handgun was lying. Officer Hastings observed the handgun.

9. Officers Tony Rose arrived to the scene to assist. Sergeant Cope walked Officer Rose to the North concrete barrier and indicated where a firearm was located. Officer Rose looked over the barrier, down towards Home Avenue, and located the firearm on the hill near a chain link fence. Officer Rose then retrieved the handgun, a black Smith & Wesson M & P Shield 9mm handgun with the serial number obliterated. The firearm was loaded with one round in the chamber and an additional 8 rounds in the magazine.

10. Sergeant Cope made contact with **AVERY** in the back seat of the cruiser to obtain **AVERY'S** information to issue him a citation for the accident. Unsolicited, **AVERY** stated that he did not have a gun.

11. **AVERY** was transported to the Montgomery County Jail. Once at the jail, Officer Rose conducted a search of AVERY and located three unknown pills (in the shape of a money bag with a dollar sign on the pills) in a plastic baggie in **AVERY'S** left rear pant pocket. .

12. Special Agent ("SA") Christopher Reed of the Bureau of Alcohol, Tobacco, Firearms, and Explosives specializes in identification of firearms and their origin/place of manufacture. SA Reed advised me that Smith & Wesson Firearms are not manufactured in the State of Ohio. As such, the firearm possessed by **AVERY** previously moved in interstate commerce.

13. I have reviewed court records reflecting that **AVERY** has been previously convicted of several felony offenses, which were punishable by a term of imprisonment exceeding one year. For example, in around August 2019, **AVERY** was convicted in the Montgomery County, Ohio Common Pleas Court, Case Number 2018 CR 04320, of Possession of Heroin, a 4th-degree felony, in violation of O.R.C. § 2925.11(A), and Possession of Fentanyl-Related Compound, a 4th degree felony, in violation of O.R.C. § 2925.11(A). **AVERY** appears to have signed a waiver and plea form in which he acknowledged that the Court could sentence him to a prison term of up to 18 months on each of the two counts.

14. Based on the above information, I believe that probable cause exists to conclude that, on or about May 2, 2021, while in the Southern District of Ohio, **AVERY** knowingly possessed, in and affecting interstate commerce, a firearm to wit: a loaded Smith & Wesson, Model MP Shield, 9mm semi-automatic handgun, serial number unknown due to being filed off, after having been convicted of a felony offense punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

Mollie M. Hamby, Task Force Officer
Federal Bureau of Investigation

Subscribed and sworn to before me this 4th day of May, 2020.

Sharon L. Ovington
United States Magistrate Judge